Christopher L. Decker
Matthew B. Hayhurst
BOONE KARLBERG P.C.
P.O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
Facsimile: (406) 549-6804
cdecker@boonekarlberg.com
mhayhurst@boonekarlberg.com

Neil G. Westesen
Alan C. Bryan
CROWLEY FLECK PLLP
P.O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 449-5149
nwestesen@crowleyfleck.com
abryan@crowleyfleck.com

*Attorneys for Plaintiffs John Sinclair and Pinch Flatbed, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| JOHN SINCLAIR and PINCH FLATBED, INC.<br><br>Plaintiffs,<br><br>v.<br><br>LYNDON DRIFTWOOD and THE CROW TRIBAL COURT OF THE CROW INDIAN RESERVATION,<br><br>Defendants. | Case No.: CV-21-121-BLG-SPW<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

Plaintiffs John Sinclair and Pinch Flatbed, Inc., by and through counsel, respectfully states and alleges as follows:

1. On October 28, 2021, Lyndon Driftwood filed a Complaint in the Crow Tribal Court of the Crow Indian Reservation, Crow Agency, Montana, entitled *Lyndon Driftwood v. John Sinclair, individually, and as an agent of Pinch Flatbed, Inc., a corporation, Calvin Jimmerson, individually, and as an agent of the State of Montana, and the Montana Highway Patrol, Austin Knudsen, Attorney General of the State of Montana, and Greg Gianforte, Governor, the State of Montana*, Case No. CV-21-181 (the "Tribal Court Complaint").  A true and correct copy of the Tribal Court Complaint is attached as **Exhibit A**.  The Crow Tribal Court plainly cannot, however, exercise jurisdiction over the claims asserted against John Sinclair, individually or as an agent of Pinch Flatbed, Inc.

## PARTIES, JURISDICTION, AND VENUE

2. The foregoing facts and allegations are incorporated by reference as though set forth fully herein.

3. Plaintiff John Sinclair ("Sinclair") is a non-Indian who resides in Calgary, Alberta.  Sinclair is not a member of the Crow Tribe.

4. Plaintiff Pinch Flatbed, Inc. ("Pinch") is a Texas Corporation with a principal place of business in Houston, Texas.

5. Defendant Lyndon Driftwood ("Driftwood") is a resident of Big Horn County, Montana and a member of the Crow Tribe.

6. The Crow Tribal Court of the Crow Indian Reservation is a court of the Crow Tribe in which Driftwood has filed a complaint against Sinclair, individually and as an agent of Pinch. (Ex. A.)

7. Pursuant to 28 U.S.C. § 1331, the United States District Court for the District of Montana has original, federal question jurisdiction over this action. Tribal Court adjudicative authority is a question of federal law. *Plains Commerce Bank v. Long Family Land & Cattle*, 554 U.S. 316 (2008); *Nevada v. Hicks*, 533 U.S. 353, 357-58 (2001).

8. An actual case and controversy exists between the parties as alleged herein. A declaration from this Court is proper under 28 U.S.C. § 2201.

9. Exhaustion of tribal remedies is not required because Tribal Court jurisdiction is plainly lacking, and exhaustion of Tribal Court remedies would serve no purpose other than delay. *Hicks*, 533 U.S. at 369; *Strate v. A-1 Contractors*, 520 U.S. 438, 453 (1997); *Window Rock Unified Sch. Dist. v. Reeves*, 861 F.3d 894, 898 (9th Cir. 2017).

10. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) and L.R. 3.2(b). Defendant Lyndon Driftwood is a resident of Big Horn County,

Montana, and a substantial part of the events giving rise to the claim occurred in Big Horn County, Montana.

## FACTUAL ALLEGATIONS

11.  The foregoing facts and allegations are incorporated by reference as though set forth fully herein.

12.  On August 15, 2021, Sinclair and Driftwood were involved in an automobile accident on Interstate 90 near Hardin, Montana.

13.  Sinclair was driving a tractor-trailer unit as an owner-operator, transporting a load for Pinch, at the time of the accident.

14.  Sinclair was driving from Irving, Texas to Leduc, Alberta. He was on I-90 because it was the most direct route between these locations.

15.  The accident occurred in the right lane of I-90 westbound near mile marker 499.6. This portion of I-90 runs through the Crow Indian Reservation.

16.  Driftwood was driving a Dodge Ram pickup westbound on Interstate 90, towing a skid steer on a flatbed trailer.

17.  Throughout the course of the accident and resulting law enforcement investigation into the accident, both drivers and their vehicles remained entirely within the boundaries of I-90.

18.  Montana Highway Patrol Trooper Calvin Jimmerson responded to the accident at 12:34 a.m.

19.     According to the Montana Vehicle Crash Report, both vehicles sustained "disabling damage" and were towed.  Neither driver was seriously injured.  A true and correct copy of the Crash Report is attached as **Exhibit B**.

20.     Driftwood filed the Tribal Court Complaint against Sinclair, individually and as an agent of Pinch, on October 28, 2021, alleging that Sinclair and Trooper Jimmerson defamed Driftwood "in violation of 8B-8-207 [criminal defamation] and 14-2-105 [false report], CLOC, and the Crow Common law against slander[.]" (Exhibit A, ¶ 2.)  The Tribal Court Complaint asserts Crow Tribal Jurisdiction based on an alleged "false accident report of an accident that occurs on a highway within the Reservation[.]" (Exhibit A, ¶ 6.)  It further alleges "gross negligence" on the part of Sinclair "while on a highway within the Crow Indian Reservation" and seeks punitive damages.  (Exhibit A, ¶ 8, Prayer for Relief.)

21.     Interstate 90 is "a highway that is part of the Dwight D. Eisenhower system of interstate and defense highways described in Title 23, U.S.C., and is a subcomponent of the national highway system." Mont. Code Ann. § 60-1-103(19).

22.     Interstate 90 across the Crow Reservation is trust land over which a highway right of way has been granted.  *Austin's Express, Inc. v. Arneson*, 996 F.Supp. 1269, 1272 (D. Mont. 1998).  The State of Montana operates the portions of Interstate highways within the State, including Interstate 90.

23. . The Crow Tribe has no power to exclude anyone from Interstate 90 and the right-of-way is equivalent to non-Indian fee land. "[A] highway right-of-way acquired by a State over land within boundaries of an Indian reservation [is] 'equivalent, for nonmember governance purposes, to alienated, non-Indian land.'" *Burlington Northern R.R. v. Red Wolf*, 196 F.3d 1059, 1063 (9th Cir. 1999) (citing *Strate*, 520 U.S. at 454); *see also Austin's Express,* holding Crow Tribal Court lacked jurisdiction over civil action arising out of motor vehicle accident on portion of Interstate 90 traversing the Crow Indian Reservation.

## COUNT I — DECLARATORY JUDGMENT

24. The foregoing facts and allegations are incorporated by reference as though set forth fully herein.

25. The allegations in the Tribal Court Complaint arise from a motor vehicle accident on Interstate 90, a federal interstate highway running through the Crow Indian Reservation. Interstate 90 is neither tribal land nor land controlled by the Crow Tribe. The Crow Tribe entirely lacks any power to exclude anyone from Interstate 90. *Austin's Express v. Arneson*, 996 F. Supp. 1269 (D. Mont. 1998).

26. There is no qualifying consensual relationship between Sinclair or Pinch and the Crow Tribe or any tribal member that would overcome the general rule prohibiting tribal adjudicative jurisdiction over suits involving nonmembers.

27. The conduct alleged in the Tribal Court Complaint does not have a "direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Strate*, 520 U.S. at 446 (citing *Montana v. United States*, 450 U.S. 544 (1981)).

28. The Crow Tribal Court has no colorable or plausible basis for jurisdiction over the claims asserted in the Tribal Court Complaint. *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 847 (9th Cir. 2009); *Nevada v. Hicks*, 533 U.S. 353, 369 (2001); *Red Wolf*, 196 F.3d at 1065 (declining to find tribal jurisdiction under second *Montana* exception for accident at railroad grade crossing within the exterior boundaries of the Crow Reservation); *Montana DOT v. King*, 191 F.3d 1108 (9th Cir. 1999).

29. Tribal Court jurisdiction is plainly lacking, and the exhaustion of Tribal Court remedies would serve no purpose other than delay. *Id.*; *see also Montana v. United States*, 450 U.S. 544 (1981) (with limited exceptions, Indian tribes lack civil authority over the conduct of non-members on non-Indian fee land within a reservation); *Strate v. A-1 Contractors*, 520 U.S. 438 (1997) (tribal court lacked jurisdiction over personal injury action against nonmember of Indian tribes concerning automobile accident on North Dakota state highway located on federal right of way on tribes' reservation); *Wilson v. Horton's Towing*, 906 F.3d 773, 779

(9th Cir. 2018) (tribal jurisdiction generally does not exist if the claims asserted by the plaintiff are based on events that occur off tribal lands).

30. Accordingly, this Court should declare that the Crow Tribal Court lacks jurisdiction over the claims asserted and relief sought by Driftwood in the Tribal Court Complaint.

## COUNT II — INJUNCTIVE RELIEF

31. The foregoing facts and allegations are incorporated by reference as though set forth fully herein.

32. The assertion, exercise, and maintenance of jurisdiction over the subject matter of the Tribal Court Complaint and over Sinclair and Pinch is unlawful.

33. There are alternative forums available, with proper jurisdiction, for Driftwood to bring his claims.

34. If Driftwood is not enjoined from pursuing his claims in Tribal Court and the Crow Tribal Court is not enjoined from exercising jurisdiction, Sinclair and Pinch will suffer irreparable harm.

35. Driftwood should be permanently enjoined from prosecuting and maintaining his claims against Sinclair and/or Pinch in Tribal Court.

36. The Crow Tribal Court should be permanently enjoined from entertaining or adjudicating the claims asserted against Sinclair and/or Pinch and the relief sought by Driftwood in the Tribal Court Complaint.

## PRAYER FOR RELIEF

Plaintiffs Sinclair and Pinch pray for judgment as follows:

1. Declaratory judgment that the Crow Tribal Court lacks jurisdiction to hear the claims asserted against Sinclair and Pinch in the Tribal Court Complaint;

2. A permanent injunction prohibiting Driftwood from prosecuting and/or maintaining the claims asserted against Sinclair and Pinch in the Tribal Court Complaint;

3. A permanent injunction prohibiting the Crow Tribal Court from entertaining or adjudicating the claims asserted against Sinclair and Pinch and the relief sought by Driftwood in the Tribal Court Complaint;

4. An award of costs and fees; and

5. For such other and further relief the Court may deem just and proper.

DATED: November 11, 2021

                                            BOONE KARLBERG P.C.

                                            /s/Christopher L. Decker
                                            Christopher L. Decker
                                            Matthew B. Hayhurst
                                            *Attorneys for Plaintiffs John Sinclair and Pinch Flatbed, Inc.*